

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN, TEXAS 78711

**JOHN L. HILL**
**ATTORNEY GENERAL**

August 26, 1974

The Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas

Opinion No. H- 382

Re: Application of the Fair Labor
Standards Act of 1938, as amended,
to state employees and related
questions.

The Honorable James E. Peavy, M. D.
Commissioner of Health
Texas State Dept. of Health
Austin, Texas

Gentlemen:

       This office has received requests for opinions from both of you concerning the application of the Fair Labor Standards Act of 1938, 29 U. S. C. §§ 201-219 ("FLSA"), as recently amended by the Fair Labor Standards Amendments of 1974.

       The 1974 amendments to the FLSA are the latest in a lengthy series of federal legislative enactments providing minimum wages and overtime compensation for a wide range of workers in the United States. In 1966, amendments to the FLSA extended this type of coverage to employees of hospitals, nursing homes or schools operated by states or political subdivisions, and to local transit operations.

       By virtue of the 1974 amendments, § 3(e) of the FLSA now establishes the coverage of the Act to include most state employees. The definition of those covered is:

> Section 3(e)(2). In the case of an individual employed by a public agency, such term means . . .

> . . .

(C) any individual employed by a State, political subdivision of a State, or an interstate governmental agency, other than such an individual . . .

(i) who is not subject to the civil service laws of the State, political subdivision, or agency which employs him; and

(ii) who . . .

(I) holds a public elective office of that State, political subdivision, or agency,

(II) is selected by the holder of such an office to be a member of his personal staff,

(III) is appointed by such an office holder to serve on a policy making level, or

(IV) who is an immediate advisor to such an office holder with respect to the constitutional or legal powers of his office.

Section 7 of the FLSA provides that employers may not employ any covered worker for a work week longer than forty hours unless the employee is compensated for his work in excess of forty hours at a rate which is not less than one and one-half times his regular rate of pay.

Payment for overtime of state employees is provided for in the General Appropriations Act which reads:

e. OVERTIME. In order to reimburse employees for work performed in excess of the working hours required by Acts 1963, 58th Legislature, page 184, Chapter 104 (codified as Article 5165a, V.A.C.S.) it is required that compensatory time be granted at the rate of 1-1/2 times the overtime performed within the same month  (pay period) that said overtime was accrued.  In the case of

hospital employees, said employees shall be reimbursed
with compensatory time at the rate of 1-1/2 times the
overtime accrued in excess of eighty (80) hours over a
fourteen (14) day consecutive period.

This provision shall not apply to medical personnel
and employees employed in a bona fide executive, adminis-
trative or professional capacity, including any employee
employed in the capacity of academic administrative
personnel or teacher in elementary or secondary schools.
Compensatory time for those employees excepted from
this provision shall be determined by the Administrator
of the agency or institution involved.  Provided, however,
that any agency or institution subject to the Fair Labor
Standards Act, as amended, is authorized to reimburse
employees for all authorized overtime by granting com-
pensatory time as specified above or by paying money
from funds appropriated by this Act at the rate of 1-1/2
times the regular rate for the overtime performed.
(Acts 1973, 63rd Leg., ch. 659, Art. V, § 2(e), at p. 2179).

Comptroller Calvert's questions are considered first.  His first
question is, "What is the effective date of the 1974 amendments to the Act
which affect state employees?"

Section 29(a) of the 1974 Amendments to the FLSA provides:

Except as otherwise specifically provided, the
amendments made by this Act shall take effect
on May 1, 1974.

Certain coverage provisions do have different "effective" dates, (see
e.g., the special treatment for public agency fire protection and law
enforcement activities set out in §§ 7(k) and 13(b)(20) of the FLSA).
The answer to the general question presented, however, is May 1, 1974.

The Comptroller's second and fourth questions are:

> 2. If a state employee, who performs work of such a nature as to be covered by the provisions of the Act works in excess of 40 hours in one work week, is the employee entitled to overtime pay at the rate provided for in the Act?
>
> 4. If a State employee who peforms work of such a nature as to be covered by the provisions of the FLSA works 50 hours in the first work week of the month and his employer lays him off for 15 hours during subsequent work weeks of the same pay period so that the employee is only paid his regular monthly salary (1/12 of his annual classified salary), has that employee received overtime pay as required by the Act or compensatory time as authorized by State Law?

As provided in the Appropriations Act: state employees who are covered by the Act and work more than forty hours in a seven day work week accrue overtime, and may be given overtime pay at the rate of one and one half times their regular pay rate, or, in the alternative, may be given compensatory time off at one and one half times the amount of overtime worked, if given during the same pay period (i. e., calendar month) in which the overtime was accrued.

We believe this procedure outlined in the Appropriation Act is consistent with the requirements of federal law. Opinion Letter No. 913, issued December 27, 1968, by the Administrator of the Wage and Hour Division of the U.S. Department of Labor states:

> An employer may not credit an employee with compensatory time (even at a time and one half rate) for overtime earned which is to be taken at some mutually agreed upon later date subsequent to the end of the pay period in which the overtime was earned, rather than pay cash for the

overtime as it is earned.  However, it is permissible for
the employer employing one at a fixed salary for a fixed
workweek to lay off the employee a sufficient number of
hours during some other week or weeks of the pay period
to offset the amount of overtime worked (i. e. at the time
and one half rate) so that the desired wage or salary for
the pay period covers the total amount of compensation,
including overtime.   CCH Lab. L. Rep. (Nov. 1966 -
March, 1969) para. 30, 924.

And see, The Administrator's Opinion Letter No. 868 (Oct. 18, 1968), CCH
Lab. L. Rep. supra  para. 30, 877.

Opinion Letter No. 913 was approved in Brennan v. State of New
Jersey,  364 F. Supp. 156 (D. N. J. 1973) (appeal pending) where the court
made the following comment at page 158:

In fact, this is not really an exception to the rule of § 7
of the Act, but is in complete compliance therewith. For
example,, given a pay period of two weeks, with a fixed
salary of $200.00 per week and a fixed work week of forty
hours an employee works for fifty hours during the first
week of the pay period.  Under the above opinion letter, the
employee may then work only twenty-five hours in the sec-
ond week of the pay period (forty hours less time and one
half for the ten hours accrued overtime) while receiving
his full gross pay of $400.00 at the end of the two week
pay period.  This would comply with § 7 of the Act
and the accompanying regulations and interpretations,
since such wages are paid both promptly and in cash.
(Emphasis added)

Brennan was shortly followed by Hodgson v. A. W. Crossley, Inc.,
365 F. Supp. 1131 (S. D. N. Y. 1973), in which Brennan and Opinion Letter
No. 913 were cited with approval.

Thus, the provisions of the FLSA pertinent to this inquiry have been construed by the Federal Wage and Hour Administrator and the courts as permitting, under certain conditions, the granting of "compensation time" in lieu of overtime wages. The answer to your second question, therefore, is that state employees, not excluded or exempted from the overtime provisions of the FLSA, are entitled to overtime pay at the rate provided in the FLSA, or compensatory time as discussed above.

The Comptroller's third question is:

> If your answer to question number 2 is affirmative, may such overtime pay be paid by a warrant on the State Treasury through the classified salary fund of the employing agency?

Attorney General Opinion M-1155 (1972) considered a virtually identical question. That opinion states in part:

> Your . . . question brings into consideration §6 of Article VIII of the Texas Constitution. That section provides that no money shall be drawn from the Treasury but in pursuance of specific appropriation made by law.
>
> In our opinion the necessary specific appropriation for overtime pay is provided by the same appropriation that provides for regular pay of the employee. The designation given this sum will no doubt vary from institution to institution. Each employee's warrant, including his overtime, should be charged to that fund.
>
> See National Biscuit Co. v. State, 135 S. W. 2d 687, page 693 (Tex. Sup. 1940), wherein it was said:
>
> 'As just stated, one of the provisions of §6 of Article 8 of our Constitution requires all appropriations of money out of the State Treasury to be specific. It

> is settled that no particular form of words is
> required to render an appropriation specific
> within the meaning of the constitutional provi-
> sion under discussion.  It is sufficient if the
> Legislature authorizes the expenditure by law,
> and specifies the purpose for which the appropria-
> tion is made . . . .'

Therefore, your third question is answered in the affirmative.

The Comptroller's fifth question, asks:  Are there any restrictions on state employers regarding lay off of their regular full-time employees?

No doubt your intention was to raise this question in light of the language of Opinion Letter No. 913, supra.

Article 5165a, V. T. C. S., establishes a basic forty hour workweek for state employees; however, it also states that:

> . . . exceptions to the minimum length of the
> work week may be made by the executive head
> of a state agency to take care of any emergency
> or public necessity that he may find to exist.

We believe Article 5165a must be read together with the General Appropriation Act provisions relating to the granting of compensatory time.  Clearly, the Legislature there provides just the sort of procedure Opinion Letter No. 913 and Brennan describe as being in compliance with the FLSA overtime requirements.  We note that the alternative "compensatory time" procedure, provided for in the General Appropriations Act, could only be implemented by the state agency/employer "laying off" the state employee (that is, causing an absence from the work place and from actual work) for the appropriate number of hours during the same pay period the overtime was accrued.

The answer to your fifth question is, therefore, that the only restriction on "laying off" employees (in the sense of FLSA compliance and consistent with the requirements of the Appropriations Act) is that the "lay off" take place during the same period in which overtime accrues.

The Comptroller's sixth question asks:

> If a state employee is terminated with overtime accrued after May 1, 1974, must his final salary warrant include pay at the rate specified in the Act for such overtime?

We assume you intend to limit this inquiry to FLSA "covered" employees. Attorney General's Opinion M-1155, supra, considered a similar question, and concluded as follows:

> . . . Your question asks whether you have authority to include payment for authorized overtime properly accrued at the time of death or separation of the employee from employment with the department.
>
> Overtime pay is not a separable stipend. It is part and parcel of the compensation called for in the employee's contract, and is properly payable, if accrued, at the time the base pay is paid. The employee has a vested right in overtime pay the moment it accrues under his contract of employment.

Therefore, your question is answered in the affirmative.

The Comptroller's seventh question is in two parts, the first part reading as follows:

> May a state employee covered by the Act choose to receive compensatory time in the same pay period in which the overtime is worked?

As discussed in answer to your second and fourth questions, the granting of compensatory time within the same pay period in which the overtime is accrued or the payment of overtime wages is permissible at the discretion of the employer. The FLSA does not grant state employees discretion in this area as a matter of right.

The second part of question seven asks:

> May a state employee covered by the Act choose
> to receive compensatory time in subsequent pay
> periods for overtime worked?

As indicated in answer to the Comptroller's second and fourth questions, granting of compensatory time in subsequent pay periods for overtime worked is not permitted by the FLSA.

In a separate request the Comptroller asked two questions relating to the Teacher Retirement System.   They are:

> Is there pre-existing law for an agency of the State
> to pay overtime from trust funds when such agency
> comes under the Federal Fair Labor Standards Act
> as that Act was amended effective May 1, 1974?
> Is the department legally authorized to issue warrants
> in payment of this overtime payroll when paid from
> trust funds with the State Treasury and not in the
> State Treasury?

Section 3.59 (j), Vernon's Texas Education Code, provides in part:

> The rate of compensation of all persons employed by
> the State Board of Trustees, as well as the amounts
> necessary for other expenses for the operation of the
> retirement system, shall be approved by the State
> Board of Trustees, provided they shall be no greater

than those for similar services performed for the
State of Texas.

We believe this provision along with the requirements of the FLSA
provide ample pre-existing law to permit the payment of overtime from
trust funds. Attorney General Opinions M-1155 (1972), M-341 (1969).
Therefore your office is authorized to issue warrants for that purpose.

Dr. Peavy's question is:

May the fees collected for overtime and special
services pursuant to Article 4476-7 be used to
pay overtime wages to meat inspectors in carry-
ing out their duties pursuant to the State Wholesome
Meat and Poultry Act?

The answer to your question is affirmative. The Texas Meat and
Poultry Inspection Act (Article 4476-7, V. T. C. S.) provides for examina-
tion and inspection of meat animals before entering slaughter houses, for
post-mortem examinations and inspections, and related regulatory pro-
visions, including making investigations of disease findings. Section 410
of Title III of Article 4476-7 authorizes the Department of Health, as you
point out, to collect fees for overtime worked and special services rendered
to regulated establishments, and the current General Appropriations Act,
at page 1822, "Department of Health," provides as follows:

Any fees collected for overtime or special services
under Senate Bill No. 28, Sixty-first Legislature, are
hereby appropriated for the biennium beginning Sep-
tember 1, 1973 for the enforcement of Senate Bill No.
28. (Emphasis added)

We conclude that the overtime worked by meat inspectors in
connection with their regulatory activities would necessarily be performed
as part of the enforcement of Article 4476-7 (being Senate Bill No. 28, 61st
Legislature); thus, the described fees collected are appropriated for the

payment of such overtime wages.

## SUMMARY

1. The effective date of the Fair Labor Standards Amendments of 1974 is May 1, 1974.

2. State employees, covered by the overtime provisions of the Fair Labor Standards Act of 1938, as amended, may be given overtime pay or compensatory time off, if compensatory time off is given in the same pay period the overtime is accrued.

3. Overtime pay may be paid by a warrant on the State Treasury through the classified salary fund of the employing agency.

4. If a state employee covered by the overtime provisions of FLSA and FLSA 1974 is terminated with overtime accrued, his or her final salary warrant must include the FLSA overtime pay.

5. A state employee, covered by the FLSA overtime provisions, has no legal right to insist on receiving overtime wages where that employee is given compensatory time off during the same pay period the overtime was accrued; nor does that employee have discretion to receive compensatory time in subsequent pay periods for overtime worked.

6. There is pre-existing law for a state agency to pay overtime wages from trust funds.

7. Fees collected from regulated institutions for overtime worked by meat inspectors, pursuant to

Article 4476-7, V. T. C. S., may be used to pay
overtime wages to those meat inspectors.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee

lg